# Volk *v.* Eaton, Appellant.

*Deeds—Recital—Mortgage—Notice—Purchase money mortgage.*

A recital in a deed stating that the deed is subject to a mortgage from a party named with interest from a certain date, is not such notice as will cause a purchaser from the grantee to take the property subject to an alleged purchase money mortgage, not recorded within the statutory period, and dated subsequent to the date from which the mortgage recited bore interest, if it appears that a recorded mortgage is found on the same property, made by the party named, and dated on the day from which the mortgage recited bore interest.

Argued Nov. 13, 1907. Appeal, No. 198, Oct. T., 1907, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. Term, 1900, No. 334, on verdict for plaintiff in case of Bernard Volk, Jr., now for use of Frank C. Hough, v. John Eaton, Executor of S. L. Johnson. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Scire facias sur mortgage. Before YOUNG, J.

At the trial by agreement of counsel, the verdict for plaintiff was taken subject to question of law reserved. After argument judgment was entered on the verdict.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment on the verdict.

*F. W. Jarvis*, with him *Homer L. Castle*, for appellant, cited : Sailor v. Hertzog, 4 Wharton, 259 ; Dunning v. Reese, 4 Kulp, 168 ; Good v. Bausman, 6 W. N. C. 93.

*William H. McClung*, with him *Thomas D. Chantler*, for appellee, cited : Stroud v. Lockart, 4 Dallas, 153 ; Jennings v.

Bloomfield, 199 Pa. 638 ; Brolasky v. Furey, 6 W. N. C. 221 ;
Rigler v. Cloud, 14 Pa. 361 ; Ingles v. Ingles, 150 Pa. 397.

OPINION BY MR. JUSTICE ELKIN, January 6, 1908 :

The facts in this case are not in dispute and no oral testimony was taken at the trial. Hence the rights of the parties must be determined by the facts as they appear in the record. The deed from Butterfield to Morozowics, while dated December 13, 1898, was not acknowledged until December 20, 1898, and was recorded March 9, 1899. This deed contained the following recital : " Subject, however, to $594 of a certain mortgage given by Frank Butterfield with its interest from July 13, 1898." The Butterfield mortgage to which this recital clearly refers was recorded August 18, 1898, and therefore gave record notice of its lien to subsequent purchasers. It was a purchase money mortgage, covering lots 193 to 228, inclusive, and 237 to 262, inclusive, in the south Wilmerding plan of lots. The mortgage record shows that on December 19, 1898, lots from 247 to 262, inclusive, were released from this lien. The deed from Butterfield to Morozowics only conveyed lots 249 to 257, inclusive, but, all of these lots were included in the release of the lots 247 to 262, inclusive. The learned court below fell into error in saying : " The title to all lots covered by the mortgage subsequently became vested in Johnson, who now appears and defends this action." It clearly appears from the record that Johnson did not hold title to all the lots covered by the mortgage, that he did not take title to any lots through Dumbleton, and so far as we can see the reference to Dumbleton has no bearing in the case, and certainly cannot affect the rights of Johnson. It is true the deed from Butterfield to Morozowics bears date December 13, 1898, which was prior to the release of the mortgage, but it was not acknowledged until December 20, 1898, the day after which the release was made, and the presumption is that it was not delivered certainly until after its acknowledgment and perhaps until the date of its record. It seems clear, therefore, that in the absence of testimony showing anything to the contrary, the rights of the parties must be determined as of the date when the deed was delivered. At that time the records show that lots 249 to 257 were released from the

lien of the mortgage to which reference was made in the recital. In other words, during the time between the preparation and date of the deed and its acknowledgment and delivery to the purchaser the lien of the mortgage had been released. Ordinarily, this would be the end of the case, because the mortgage in suit is dated November 4, 1898, was not recorded within the statutory period, or at the time Morozowics took title and was for a different amount than that mentioned in the recital of his deed. It is urged that there were sufficient facts in the case to affect the purchaser with constructive notice of the unrecorded mortgage, being the one now in suit. The general rule is that where a purchaser holds under a conveyance, and is obliged to make out his title through that deed, or through a series of prior deeds, he is charged with constructive notice of every matter connected with or affecting his title, which appears by description of parties, by recital, by reference, or otherwise, on the face of any deed, or upon any public record, which forms an essential link in the chain of instruments through which he takes title or liens which affect the same : Pomeroy's Equity Jurisprudence (3d ed.), sec. 626. This rule is recognized by the textwriters and supported by the decisions of the courts. Jennings v. Bloomfield, 199 Pa. 638 is relied on by the court below as authority for the position taken that under the facts of the present case there was notice sufficient to put Morozowics and Dumbleton on inquiry which would have resulted in knowledge of the existence of the unrecorded mortgage on which the scire facias has been issued in this case. The recital in the deed from Butterfield to Dumbleton is referred to by the learned court as affecting the question of notice. As we have hereinbefore stated, there is nothing in this record to require Morozowics or his grantee to take notice of a recital in a deed conveying other lots to a different purchaser and in no way connected with his chain of title. After a careful examination of the whole case it is our opinion that nothing contained in the recital of the deed to Morozowics, or in his chain of title, or in the mortgage record, or any other matter, is sufficient to put the purchaser on inquiry as to an unrecorded mortgage, of which he had no knowledge. Jennings v. Bloomfield above cited, is not authority for any different rule.

That case only decided that a purchaser of land having notice of a prior unrecorded deed, will not be permitted to set up his title against the prior conveyance, also that a recital in a deed is notice to a purchaser of the fact recited, and if the recital refers to " an oil lease " the vendee is held to have notice of the prior grant of the oil in the lease to which reference is. thus made. Of course this is true. A purchaser is bound to take notice of all the recitals in his chain of title and is bound by such notice as those recitals give him. In the present case the purchaser did take notice of the recital in his deed and found that it subjected the lots purchased by him to the lien of a mortgage of record, bearing a certain date, and when he turned to the record he found a release of the lien of that mortgage on the lots conveyed to him. We see nothing in this record that required him to go further.

Judgment reversed and record remitted to the court below for the entry of judgment in accordance with this opinion.