Brinton et al. *v.* Davidson (et al.), Appellant.

Argued May 25, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*S. R. Zimmerman,* of *Zimmerman, Myers & Kready,* with him *David M. Wallace,* for appellant.—The appellees are not entitled to the decree of reformation entered by the court below, because the court wrongfully excluded from consideration all evidence offered by the

appellant to show that the deed in question was taken for security only, and because the evidence offered by the appellee was not of the clear, precise and indubitable character which is necessary to justify reformation of the deed: Burkhart v. Ins. Co., 11 Pa. Superior Ct. 280; Gailey v. Plaster Co., 34 Pa. Superior Ct. 533; Felin v. Futcher, 51 Pa. Superior Ct. 233; Susquehanna Mut. Fire Ins. Co. v. Swank, 102 Pa. 17; Youngstown Electric Co. v. Poor Dist., 21 Pa. Superior Ct. 95; Was-lee v. Rossman, 231 Pa. 219; Coppes v. Paint & Filler Co., 36 Pa. Superior Ct. 38; Sloan v. Klein, 230 Pa. 132; Highlands v. R. R., 209 Pa. 286; Baab v. Houser, 203 Pa. 470; Long v. McConnel, 158 Pa. 573.

*Thomas R. Wickersham,* of *Wickersham & Wickersham,* for appellee.—Whenever an instrument exists which may be vexatiously or injuriously used against a party after the evidence to impeach it has been lost, or which may throw a cloud over the title, and he cannot immediately protect his right by any proceedings at law, equity will afford relief by directing the instrument to be delivered up to be cancelled or such decree as justice or the rights of the party may require: Stewart's App., 78 Pa. 88; Huss v. Morris, 63 Pa. 367; Gump's App., 65 Pa. 476.

Findings of fact by a chancellor have the effect of a verdict of a jury, and will not be disturbed on appeal where there is evidence to support them: Rachiele v. Marsico, 303 Pa. 372; Garland v. Trout, 303 Pa. 545; Rankin v. Rodgers, 302 Pa. 17; Collins v. Martin, 302 Pa. 144; Powanda v. Pido, 304 Pa. 42.

OPINION BY MR. JUSTICE LINN, June 30, 1932:

This appeal is from a decree reforming a deed of conveyance of land in the City of Harrisburg by adding a provision that the grantee assumed payment of the principal and interest of two mortgages encumbering the land. These mortgages were created by a prior owner.

The bill alleged that the parties to the deed had made the agreement added by the decree, but that the provision was omitted by mistake of counsel who supervised the drawing and execution of the deed.

The statement of questions involved for review, to which, under the rule, we limit our consideration, is whether such relief ' will be decreed "after the said grantee had conveyed and parted with title to the said real estate......if the alleged mistake which the decree attempts to correct is not clearly shown......to have been mutual."

The facts found by the learned chancellor, and approved by the court in banc, are supported by evidence and must be accepted (Belmont Laboratories, Inc. v. Heist, 300 Pa. 542, 151 A. 15; Kratz v. Allentown, 304 Pa. 51, 155 A. 116) ; the result is that there is nothing to support appellant's argument. While the record is voluminous, but little need be said on the point raised in affirming the decree.

In 1925, D. E. Brightbill conveyed the premises to Edith Rashinsky by deed, duly recorded, in which she expressly assumed the payment of the mortgages aggregating the sum of $35,000, then encumbering the property. She held title until May 6, 1929, when she conveyed to appellant, Davidson, for "one dollar and other good and valuable considerations." No express assumption of the mortgage indebtedness was made by Davidson in the deed as written; this is the deed in suit which the decree orders to be corrected. On May 6, 1929, as part of the same transaction, the parties also executed an agreement in which they recite that Edith Rashinsky owns the property, that it is subject to the two mortgages mentioned, that the interest on them is unpaid, that sums for taxes and insurance are payable, and that "an execution is now pending against said property," the amount so due approximating $5,000, that Davidson has agreed to pay said obligations "and to assume the indebtedness due upon said first and second

mortgages......," and that "in consideration of the conveyance aforesaid" Davidson grants to Edith Rashinsky "the right or option to repurchase said property within six months for......$65,000."

The learned chancellor found that "the defendant agreed to assume the payment of the two mortgages as stated in the preamble of the agreement, which provision was omitted by mistake from the body of the agreement and the deed." The lawyer who made the mistake testified to the fact and to the circumstances in which it was made and subsequently discovered. The chancellor also found that Davidson tendered to the holder of the second mortgage his note for $15,000 in payment of the mortgage. There is evidence, referred to in the adjudication, that Davidson stated to the holder of the second mortgage that he "went into it [the deal concerning the property] solely for a speculation." Davidson denied the agreement to assume the mortgage indebtedness. He asserted that he had no dealings with Edith Rashinsky, that she was a straw party for her mother, Sarah Heller, with whom he dealt and whom he was assisting. He contended that he took title "as security for certain money the said Sarah Heller had begged him to advance to pay delinquent interest, taxes, insurance and costs of an execution then threatened and pending, in order to save and preserve to said Sarah Heller what she then represented and believed to be a valuable equity over and above the mortgage;......[he loaned] Sarah Heller the sum of approximately $5,000."

The court properly rejected his contention; not only is the option to demand reconveyance within six months for $65,000 fatal to it, but there is other evidence wholly inconsistent with it, such as his tender of his note to pay the second mortgage.

After the mistake was discovered, Davidson caused a deed of the premises to be prepared, executed and recorded, conveying them to Racia Rashinsky, also a defendant, in which, if accepted, she would assume the

mortgage indebtedness. Instead of filing a formal answer to the bill, Racia Rashinsky filed a paper accepting service of it and agreeing "as one of the defendants ...... that a decree shall be made against me in accordance with the prayer of said bill." The bill averred that she had no knowledge of the deed or that it was recorded, and that it was "an attempted fraud practice against" plaintiff. On that phase of the case the learned chancellor found: "In giving the deed to Racia Rashinsky, Davidson did not bona fide part with the title to the encumbered property. It was an effort on his part to get rid of the property because tenants could not be secured and the liabilities incurred by reason of it were accumulating beyond his expectation." In the circumstances, the court rightly rejected Davidson's claim that he was relieved from liability from the mortgage indebtedness by the Act of June 12, 1878, P. L. 205.

The learned chancellor obviously made a careful analysis of all the testimony; he states that he was convinced beyond reasonable doubt that there was mutual mistake, as alleged, within the familiar rule; we see no reason for differing.

Decree affirmed at appellant's costs.