## Wolford, Appellant, *v.* Rimbey.

Argued April 3, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*H. S. Dumbauld,* with him *Edward Dumbauld* and *Arthur A. Brown,* for appellant.

*Dean D. Sturgis,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 29, 1935:

Plaintiff appeals from refusal of his motions for judgment n. o. v. and a new trial on an issue framed to determine the amount due on a judgment by confession entered on a bond accompanying a purchase-money mortgage given him by defendant to secure the balance due on a tract of land in Luzerne Township, containing 59 acres and 70 perches, which defendant purchased from plaintiff, who acquired the property at sheriff's sale. This property, known as the Charleston Acres Plan of Lots, had been subdivided by a previous owner, C. C. Goss, into ten lots, numbered from 1 to 10, both inclusive, lots Nos. 1, 2, 3 and 4 being specifically excepted from the conveyance to defendant, the deed (dated August 10, 1928, and containing a warranty clause) conveying all the remainder of the tract.

Defendant's affidavit of defense averred that plaintiff had been unable to deliver possession of that part of the property conveyed known as lot No. 7, and that he, defendant, had been evicted therefrom by virtue of a paramount title to this lot in Clarence E. Gray and his successors in title; that the lot is valuable and represents a substantial part of the consideration paid by defendant, and that, plaintiff's title thereto having failed, the value of the lot should be deducted from the amount of the judgment entered against defendant on the bond in this proceeding.

The case hinges on the question whether the title of Gray and his successors to lot No. 7 is paramount to the title of plaintiff. Plaintiff contends it is not.

Gray purchased lot No. 7 under a deed from C. C. Goss, the original owner, and his wife, dated May 12, 1923, acknowledged December 28, 1923, and recorded February

18, 1924. The signatures of the grantees are witnessed by the notary who took the acknowledgment. Under date of January 21, 1924, C. C. Goss and wife executed and delivered to the Brownsville Trust Co. a bond, together with a mortgage on the entire area which was later on conveyed to defendant by plaintiff Wolford, not excluding lot No. 7, previously conveyed to Gray as above noted. It was on the judgment entered on this bond that the property was sold by the sheriff to plaintiff.

Plaintiff argues that the title of Gray and his successors to lot No. 7 failed, and accordingly the lien of the Goss mortgage and the title conveyed at sheriff's sale were good, for the reason that the deed to Gray was not recorded, as required by law, within ninety days of its execution, maintaining that the date of execution was May 12, 1923. The court below held there was no competent evidence that the deed was actually executed and delivery made previous to the time of the acknowledgment, but, on the contrary, the evidence indicated the transaction was completed on the day on which the deed was acknowledged. This view is sustained by the record. The only evidence offered by plaintiff to defeat the title of Gray's successors to lot No. 7 was that of Gray himself, whose testimony, offering to prove that delivery was made to him on August 13, 1923, was properly refused. Gray, having conveyed the property by warranty deed to the Brownsville Construction Co., which sold it to Newill A. Porter, Jr., presently in possession and claiming title, could not be heard to impeach his own deed: Muntz v. Whitcomb, 40 Pa. Superior Ct. 553.

The opinion of the court below, following Volk v. Eaton, 219 Pa. 649, which rules this case, properly states that the presumption, in the absence of proof to the contrary, is that a deed is executed and delivered on the day it is acknowledged. In the case under consideration, not only was there no competent evidence of delivery prior to the time of acknowledgment, but the fact that the signatures of the grantees were attested by the notary who

took the acknowledgment, strongly supports the presumption, and the rights of the parties must be determined as of that date. Consequently, the title of Gray and his successors is paramount to the title of plaintiff acquired at sheriff's sale, and the verdict reducing the amount of the judgment entered against defendant was properly sustained and judgment non obstante veredicto refused plaintiff.

The orders and judgment of the court below are affirmed.