McKeesport, Appellant, *v.* Sharp.

Argued May 7, 1942.

Before Keller, P. J., Cunningham, Baldrige, Rhodes, Hirt and Kenworthey, JJ.

*Harry M. Jones,* City Solicitor, for appellant.

*Oliver K. Eaton,* with him *Frank R. Bolte,* for appellee.

PER CURIAM, July 23, 1942:

At the oral argument of this appeal it was assumed that Israel Rosenbloom became the owner of the land affected by the above municipal lien for taxes on March 28, 1934, the date his deed from John A. Sharp was recorded in the Recorder's office of Allegheny County, in Deed Book, Vol. 2498, p. 382. The argument of the appellee was largely based on the assumption that he was a terre tenant, who became the owner of the land after the lien of the claim for the 1927 taxes had attached,—but it had been lost by the inaction of the city—whose substantive rights could not be affected by the Curative Act of April 29, 1941, P. L. 29.

But on closer examination of the record we find that Rosenbloom, in his petition filed November 25, 1941, averred under oath, made the same day, that he "became the owner" of the piece of ground described in the tax claim "on the 16th day of June, 1926, by deed thereafter duly recorded on the 28th day of March, 1934".

There is no presumption, whatever, that a deed is delivered on the date of its *recording.* We know that deeds are frequently recorded some time after the date of their delivery. Our Supreme Court has said that the presumption, *in the absence of proof to the contrary,* is that a deed was executed and delivered on the day it was *acknowledged. Wolford v. Rimbey,* 318 Pa. 353, 178 A. 498. There is no proof or allegation in this record as to when the deed from Sharp to Rosenbloom was acknowledged; but in any event such a presumption

would give way to, Rosenbloom's sworn averment to the contrary. And his later averment in his affidavit of defense, filed February 4, 1942, that he became the owner on March 28, 1934, would not clear up the matter. The stipulation of counsel of December 15, 1941 (filed January 16, 1942) that the case should be submitted "as though all the factual averments in the *petition* of Israel Rosenbloom are admitted to be true", would not be overcome by the averment in his affidavit of defense filed February 4, 1942.

If Rosenbloom became the owner of the premises on June 16, 1926, he was the real owner of the land when the taxes for 1927 were assessed and levied, and had his deed been placed on record then he would have been named as owner and defendant in the tax claim.

If he was the real owner of the land when the taxes for 1927 were assessed and levied, he was not a terre tenant within the meaning of our statutes and decisions, for he did not acquire ownership of the land after the tax for 1927 was assessed and levied and the claim for said tax was filed. The recording of his deed nearly eight years later would not make him a purchaser of the land as of that date, and the subsequent proceedings would not have the effect of making him liable for a tax claim entered against land belonging to another which he had purchased after the lien of the tax claim had attached, but was subsequently lost through inaction; but would rather be in the nature of an attempt to make the real owner of the property, who was justly liable for the payment of the tax when assessed and levied, and also when the tax claim was filed and became a lien, responsible for its payment.

In appellant's attempt to hurry up the disposition of the case, this important question of fact was overlooked.

We are of opinion, therefore, that a re-argument of the case should be had, in order that the deed from

52

Sharp to Rosenbloom may be made a part of the record, and that testimony may be taken if necessary,—in which event the case will be returned for that purpose to the court below—to explain the long delay between the date of the deed and its acknowledgment, if that date should be at or about the date of its recording, in the light of the sworn averment in Rosenbloom's petition—so that it may be accurately determined just when he became the owner of said premises. The record will be remitted to the court below, *on the petition of either party,* for the purpose of taking testimony.

Re-argument ordered.