Keystone Coal Company, Appellant, *v.*
Hay et ux.

294

Argued November 9, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

 

*Leland W. Walker,* for appellant.

*Frank S. Lucente,* for appellees.

OPINION BY DITHRICH, J., March 15, 1949:

This is an appeal from a final decree in equity. Appellant is a coal mining company owning coal underlying the farm of the appellees. By written agreement dated August 5, 1935, appellant leased two pieces of surface land from the appellees, the appellees further agreeing in the lease to lease such additional parcels of land to the appellant as might be needed from time to time for successful mining. At the time of the agreement the appellant then held under lease dated July 18, 1922, from the appellees' predecessor in title a tract of land containing one-half acre. The appellant continued to hold and use this tract of land in its mining operations for four years, until July, 1939, when it removed all improvements, abandoned the land and notified the appellees that it no longer had any use for it.

On May 11, 1943, the appellees, with the knowledge of the appellant, leased this piece of ground for a term of ten years to Paul and Carrie Romesburg to be used for the base of a loading platform.

Appellant then requested appellees to lease appellant the same tract of land; appellees refused.

Appellant filed a bill in equity demanding specific performance of the contract of August 5, 1935. After hearing in the court below, the bill was dismissed, and no exceptions being filed to the decree nisi a final decree was entered. From that decree this appeal was taken.

We adopt the following excerpts from the opinion of President Judge Boose of the court below:

### "Finding of fact

"11. The said half-acre of ground above described and demanded by the plaintiff is the same parcel of ground previously leased by the defendants to Paul L. Romesburg and wife, by the aforesaid lease agreement dated May 11, 1943.

"12. The said one-half acre of ground is not necessary to the plaintiff for the mining and removal of any coal owned by it under the defendants' farm, nor for the successful operation of its mines thereunder.

"13. The defendants have refused the plaintiff's request for a lease of said piece or parcel of ground, because the plaintiff has no necessity therefor, and for the further reason that it is impossible for the defendants to execute and deliver such lease, having previously leased the same parcel of ground to Paul L. Romesburg and wife, who are now in the possession and use of the same. . . .

### "Discussion

"The plaintiff's bill of complaint seeks to compel specific performance by the defendants of their covenant or agreement, contained in their written lease agreement with the plaintiff, dated August 5, 1935, when requested,

to execute and deliver to the plaintiff a lease for such additional land as may be needed for the successful operation of its mines, not exceeding one-half acre of ground, at the rate of $300.00 per acre. The defendants, although admitting their said covenant or agreement, and the plaintiff's request for a lease of said one-half acre of additional ground, have refused to execute and deliver such lease; and deny the plaintiff's right to the specific performance of said agreement for two reasons: (1) That the plaintiff has no necessity for the lease of the additional one-half acre of ground for the successful operation of its mines under the defendants' farm; and (2) that it is impossible for the defendants to specifically perform said agreement, having previously leased the same parcel of ground to other lessees, who are now in the use and possession thereof. These reasons, as a defense to the bill of complaint, will be considered in their order.

"1. The plaintiff has not shown that there is any necessity for a lease of an additional one-half acre of the defendants' land for the successful operation of its mines under their farm. Admittedly, the plaintiff is engaged in mining and removal of the coal thereunder through its lessee, Paul L. Romesburg, who is now in possession, and has the use and enjoyment of the parcel of ground, the subject of the requested lease, as a facility for loading and shipping of said coal by railroad. The plaintiff's sole purpose in requesting the lease of said ground is for the use of its lessees, Romesburg and wife, who are already in the use and in possession thereof under their lease agreement with the defendants, dated May 11, 1943, for a period and term of ten years thereafter. The obvious purpose of the plaintiff in requesting a lease from the defendants for the same parcel of ground already in the possession of its lessees, Paul L. Romesburg and wife, is to eliminate the defendants as their lessors and to substitute the plaintiff as their lessor

of the same land at an increased rental. Under the terms of said agreement, the plaintiff is not entitled to request a lease from the defendants for an additional half-acre of land unless it is necessary for the successful operation of its mine under their farm. The plaintiff has failed to prove any such necessity; and is, therefore, not entitled to the specific performance of said agreement.

"2. It is conceded that before the plaintiff entered into said agreement with the defendants, dated August 5, 1935, the plaintiff was already in possession of the same parcel of land, which is the subject of the present controversy, under a lease agreement, dated July 25, 1922, between the Meyersdale Fuel Company, the defendants' predecessor in title, and paid the rentals therefor to the defendants after they acquired title to the farm. On or about July 18, 1939, the plaintiff wrote a letter to the defendants stating that it was through with said lease, and enclosed a check for $74.47 in final payment of the rentals; and the plaintiff, or its lessee, removed all the equipment on the leased ground, consisting of a loading tipple, tramway, railroad siding and buildings therefrom. This, in effect, was a surrender and termination of the lease and an abandonment of the leased premises. . . .

"The bill of complaint is dismissed."

The chancellor, having found as a fact that the one-half acre of ground is not necessary for the mining and removal of coal owned by plaintiff on the defendants' farm nor for the successful operation of the plaintiff's mines, which finding, supported as it is by sufficient competent testimony, is binding on us (*Belmont Laboratories, Inc., v. Heist*, 300 Pa. 542, 151 A. 15; *Brinton v. Davidson*, 308 Pa. 371, 162 A. 905), and in itself sufficient to support the decree, properly concluded that the plaintiff was not entitled to specific performance.

Decree affirmed.