527 A.2d 159

**In re ESTATE OF Martha DARLINGTON, Deceased.**

**Appeal of Jared DARLINGTON.**

**In re ESTATE OF Jesse DARLINGTON, Deceased.**

**Appeal of Jared DARLINGTON, Executor of the Estate of Jesse Darlington.**

Superior Court of Pennsylvania.

Argued April 23, 1987.

Filed June 18, 1987.

William D. March, Media, for appellant.

Before POPOVICH, JOHNSON and HESTER, JJ.

HESTER, Judge:

Martha Darlington died intestate on June 11, 1979. The issue on appeal is whether she died owning a one-fourth interest in a 187 acre tract of land in Darling, Pennsylvania, known as the Darlington Farm, or whether she had transferred her interest in that farm *inter vivos* to Jared Darlington, her nephew. The auditing judge found that the deed transferring her interest in the property to Jared had not been delivered to him and held that she therefore owned her interest in the property at her death. As we conclude that this finding is supported by competent evidence, we affirm.

Martha died the record owner of a one-fourth interest in the Darlington Farm. Shortly after her death, a handwritten document was discovered in her desk; it read:

I sold my interest in the Home Farm to Jared W. Darlington on his 40th birthday for one dollar ($1.00).

/s/ Martha Darlington

The desk was located in a home on the Farm occupied solely by Martha, and the document was discovered by the following members of the Darlington family: Martha's brother, Jesse, and his wife; Jesse's son, Jared, the grantee, and his wife; and Jesse's other son, Jesse M., and his wife. It had never been physically transferred to Jared.

Martha's estate was distributable on the date of her death as follows:

One-third to Jesse Darlington, her brother;

One-third to three nieces and five grandnieces, issue of a sibling; and

One-third to two nieces, Carrie Smith and Vicki Bowman, issue of a sibling.

Jesse Darlington died testate on July 12, 1979. His surviving beneficiaries are his three children, Jesse M. and Jared Darlington and Barbara Garrett.

Letters of administration on Martha's estate were issued to Jesse M. Letters testamentary on Jesse's estate were issued to Jared. Second and final accounts were filed simultaneously in the estates. Barbara Garrett, Carrie Smith and Vicki Bowman filed objections to the accounts on the grounds, *inter alia,* that Martha's one-fourth interest in the Darlington Farm had been incorrectly omitted from the account filed in her estate and that Jesse's intestate share of that one-fourth interest had been incorrectly omitted from the account filed in his estate. Objectors contended that the document allegedly conveying her interest was not a deed and, further, that it had not been delivered.

Following a hearing held on June 17, 1985, the Honorable Francis J. Catania, auditing judge, issued adjudications dated May 28, 1986. He held that the document was a deed, but that it had not been delivered to Jared, and title, therefore, had not passed to him. In Martha's estate, he ruled that her interest in the farm was part of her estate. In Jesse's estate, he directed that the account be amended to include Jesse's intestate share of the Darlington Farm. Jesse M. and Jared filed exceptions to both adjudications, which were denied by order dated September 23, 1986.

Jared filed timely appeals, consolidated by stipulation, in both estates.

■ Appellant seeks reversal of the auditing judge's determination that the deed had not been delivered.[1] Initially, we discuss our standard of review on this issue. Whether there has been delivery of a deed is a factual question to be determined by the chancellor. *Mower v. Mower,* 367 Pa. 325, 80 A.2d 856 (1951); *Abraham v. Mihalich,* 330 Pa.Super. 378, 479 A.2d 601 (1984). If his finding is supported by competent evidence, it is binding on this court. *Abraham v. Mihalich, supra; see also District Council 33 v. City of Philadelphia,* 354 Pa.Super. 176, 511 A.2d 818 (1986). Further, we accept his resolution of conflicts in testimony as well as his assessment of the credibility of witnesses. *In re Kerwin's Estate,* 371 Pa. 147, 89 A.2d 332 (1952); *Abraham v. Mihalich, supra.*

A deed is not effective unless it has been delivered. *Fiore v. Fiore,* 405 Pa. 303, 174 A.2d 858 (1961); *Herr v. Bard,* 355 Pa. 578, 50 A.2d 280 (1947).

> In order to effectuate an *inter vivos* gift there must be evidence of an intention to make a gift and a *delivery,* actual or constructive, of a nature sufficient not only to *divest the donor* of all dominion over the property but also *invest the donee* with complete control over the subject-matter of the gift.

*In re Kerwin's Estate, supra,* 371 Pa. at 159–60, 89 A.2d at 338 (emphasis in original); *see also Chadrow v. Kellman,* 378 Pa. 237, 106 A.2d 594 (1954); *Herr v. Bard, supra; cf. In re Estate of Secary,* 407 Pa. 162, 180 A.2d 572 (1962).

■ When a deed is found among a decedent's private papers, the burden of proving delivery falls on the putative grantee. *Leahey v. Leahey,* 309 Pa. 347, 163 A. 677 (1932). Appellant has clearly failed to meet this burden of proof.

Testimony at the June 17, 1985 hearing established that Martha continued to live in her home by herself until her

1. No cross appeal was filed challenging the determination that the document is a deed.

death. She paid her share, or more, of the property taxes. She continued to refer to the property as hers until her death. *Cf. Kanawell v. Miller*, 262 Pa. 9, 104 A. 861 (1918). Jared lived in Indiana from 1970 until 1979 and paid no taxes or maintenance expenses on the property. Jared himself admitted that he did not exercise unrestricted access to the home consistent with an ownership interest, N.T., 6/17/85, at 98.

■ Appellant's position is that Martha constructively delivered the deed to him when she told him and his wife as well as Jesse M. and his wife of the existence and location of the deed. The auditing judge, however, was free to believe or disbelieve the testimony of these four witnesses establishing those verbal communications. Further, we conclude that the communications alone would not have sufficiently divested the decedent of dominion and control over the deed to be considered a delivery of it. In fact, we find no valid factual distinction between this case and that of *Leahey v. Leahey, supra,* where the supreme court held that the subject deed had not been delivered.

Appellant's reliance upon the cases of *Loutzenhiser v. Doddo,* 436 Pa. 512, 260 A.2d 745 (1970), and *Stiegelmann v. Ackman,* 351 Pa. 592, 41 A.2d 679 (1945), is misplaced as both involved deeds that had been recorded, which raised a presumption of delivery. His reliance upon the cases of *Abraham v. Mihalich,* 330 Pa.Super. 378, 479 A.2d 601 (1984), *City Stones Co. v. City of Philadelphia* 376 Pa. 482, 103 A.2d 664 (1954), and *Mower v. Mower, supra,* is similarly misplaced; all involved physical delivery of deeds to third parties, where an entirely different factual issue was involved.

As the auditing judge's determination that the deed was not delivered is supported by competent evidence, we affirm.

Orders affirmed.