485 A.2d 752

**Allene A. BARLETTA, Appellee,**

**v.**

**Robert J. BARLETTA, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1984.

Decided Dec. 18, 1984.

Reargument Denied March 8, 1985.

Pasco L. Schiavo, Hazleton, for appellant.

Richard M. Goldberg, Wilkes Barre, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

On February 19, 1981, pursuant to the Divorce Code of 1980,[1] the appellee, Allene A. Barletta, filed a complaint in divorce in the Court of Common Pleas of Luzerne County. Her complaint sought a decree divorcing her from the appellant, Robert J. Barletta, and a decree of equitable distribution of their marital property. Both parties executed affidavits stating that the marriage was irretrievably broken and that they consented to the entry of a final decree in divorce.[2] The divorce was granted on April 12, 1982.

In the interim, in accordance with Section 304 of the Divorce Code,[3] the court appointed a master to hear testimony concerning, among other things, the equitable distribution of the marital property and to report his findings to the court. In his report, the master stated that, "it would not be feasible nor desirable to start dividing the various items of marital property, and the Master, therefore, is of the opinion that the [appellant] should pay to the [appellee] the sum of $17,000.00 representing the amount to which she is entitled from the equitable distribution of the marital property ..." This recommendation was accompanied by a summary of the marital property as established by the evidence presented at the hearing.

In his exceptions to the master's report, the appellant contended that the mandatory conversion of the marital property to cash was contrary to law, and that instead the marital property should have been divided and distributed. The trial court, sitting en banc, denied those exceptions and, in stating that it was satisfied with the master's recommendation regarding the marital property, said, "[A]n itemized

1. Act of April 2, 1980, P.L. 63, No. 26, § 101 *et seq.*, 23 P.S. § 101 *et seq.*

2. 23 P.S. § 201(c).

3. 23 P.S. § 304.

division and distribution would be impracticable and virtually impossible. The most feasible and just way to insure the equitable distribution of the marital property is to assess a monetary value to be paid to the [appellee]." (Slip Opinion No. 699–C–81, p. 5.) By memorandum opinion, the Superior Court affirmed the order of the court of common pleas. 321 Pa.Super. 601, 468 A.2d 844.

We granted the petition for allowance of appeal for the sole purpose of deciding whether, under the Pennsylvania Divorce Code, one spouse may be required to buy out the other spouse's interest in marital property. We now reverse.

When it undertook the consolidation and revision of Pennsylvania's divorce law, the legislature declared that it is the policy of this Commonwealth to "[E]ffectuate economic justice between parties who are divorced or separated ... and insure a fair and just determination and settlement of their property rights."[4] Pursuant to that policy, the Code states that the courts of common pleas "shall, upon request of either party, equitably divide, distribute or assign the marital property between the parties without regard to marital misconduct in such proportions as the court deems just after considering all relevant factors ..."[5]

Our review of the record convinces us that there was no basis for the master's statement that a division of the marital property would not be feasible nor desirable. Nor was there a basis for the court's conclusion that it would be impracticable and virtually impossible to divide and distribute the property. On the contrary, we fail to see any unusual or complex aspects to this case which would make the court's duty to distribute the property overly burdensome.

The only property in question here was personalty in the form of automobiles, jewelry, audio equipment, furniture,

4. 23 P.S. § 102(a)(6).
5. 23 P.S. § 401(d).

household furnishings, silverware, and less than $700 in two bank accounts. The couple owned no real property. After hearing testimony and examining evidence such as appraisals, inventories, and bills, the master first determined which of the above items constituted the marital property. He next placed a value on each item so determined. Finally, he considered the factors listed in Section 401(d) of the Code [6] and proposed to the court a 60%–40% division of the marital property in favor of the appellee. The court accepted each of those findings, as well as the master's recommendation that appellant be forced to pay appellee the cash value of her 60% interest.

A review of the record indicates that this proposal arose more out of convenience than from any substantive reason, and we cannot condone it. As noted above, the property was readily severable and we believe capable of being divided without destroying its relative value. In addition, the suggested manner of distribution seems unfair in that appellant, if forced to sell the property, would be required

---

6. The factors to be considered by the court in determining the proportions in which the marital property is to be divided include the following:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution of one party to the education, training, or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including but not limited to medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

23 P.S. § 401(d). *See Bacchetta v. Bacchetta,* 498 Pa. 227, 445 A.2d 1194 (1982).

to recover at least as much as the value assessed by the master: a value which may be substantially different than what the open market would bear.

We are not saying that the remedy of ordering a buy-out is prohibited by the statute. We note that under Section 401(c), the hearing court is given full equity power to "grant such other relief or remedy as equity and justice require"; and we can envision situations where the distribution of certain components of marital property would be truly impracticable or economically unwise. However, we interpret Section 401(c) as a general provision which must be construed as subservient to the more specific provision of Section 401(d) that a hearing court shall "divide, distribute or assign the marital property between the parties." [7] This latter mandate must be the hearing court's primary emphasis. *See* 1 Pa.C.S. § 1933.[8]

Therefore, we hold that in the context of the present case the remedy of a buy-out was an abuse of discretion. In addition, we hold that prior to a court making or approving a buy-out remedy, it is required to make specific findings as to why a division of the property cannot be effectuated. Finally, any valuation of the cost of a proposed buy-out must be tied to the value actually received from a bona fide purchaser.

The order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of Luzerne County for proceedings in accordance with this opinion.

7. 23 P.S. § 401(d).

8. Statutory Construction Act. Act of December 6, 1972. P.L. 1339, No. 290 § 3.