## Ludrosky v. Ludrosky

*Ernest P. DeHaas,* for plaintiff.
*Thomas A. Bowlen,* for defendant.

FRANKS, *J.,* January 29, 1986—The instant case comes before the court on exceptions filed by both parties to the special master's report and recom- mendations. We deny defendant's exceptions in part and grant them in part. Because we have grant- ed defendant's exception pertaining to the method of distribution, we need not address plaintiff's exceptions.

## BACKGROUND

The parties were married September 9, 1961, in Fayette County, Pa. Five children were born to that union, three of whom are now emancipated. Plain- tiff has worked in varying capacities with United States Steel as a miner. He is presently a mine fore- man. Defendant made contributions to the marriage as a homemaker and caretaker for the children. She is presently a cafeteria worker in a church school. Plaintiff left the marital residence on February 6, 1983, and filed a complaint in divorce on March 15, 1983.

## SCOPE OF REVIEW

The trial court is given great latitude in devising a plan of equitable distribution under section 401 of

the Divorce Code, 23 P.S. §401. The sole prohibition is that the court not abuse its discretion. *Madden v. Madden,* 388 Pa. Super. 203, 487 A.2d 925 (1985).

The court may appoint a master to make recommendations and take testimony in the case. 23. P.S. §305. A master's report is entitled to great consideration particularly in matters of credibility. *Estep v. Estep,* 326 Pa. Super. 404, 474 A.2d 302 (1984). However, the report is advisory only. "The reviewing court is not bound by [the report] and it does not come to the court with any authority which must be overcome." *Kleinfelter v. Kleinfelter,* 317 Pa. Super. 282, 283, 463 A.2d 1196, 1197 (1983); *Arcure v. Arcure,* 219 Pa. Super. 415, 416, 281 A.2d 694, 695 (1971).

## EQUITABLE DISTRIBUTION

We have reviewed the master's report and the record and will adopt the master's findings as to credibility and value. His recommendation for distribution will not be adopted as we conclude it would be an abuse of discretion to do so.

The master found that the following items and their values were marital property:

| | |
|---|---|
| Residence | $21,654.63 |
| Savings (U.S. Steel) | $21,038.00 (vested) |
| Pension (U.S. Steel) | $18,730.86 (vested) |
| Automobiles | $ 9,250.00 |
| Furnishings | $ 4,105.00 |
| Guns | $ 325.00 |
| Total | $75,103.49 |

The parties did not except from this statement of assets or the determination of their value.

The master's report recommends that plaintiff be awarded all of the marital property. He further suggests that defendant and the children be permitted

to reside expense-free in the marital residence for three years. Defendant's interest in the marital property would be "bought out" with a cash payment of $10,000 within 30 days of the decree and a payment of $15,000 amortized over three years.

The master further suggests that defendant's annual income, which is $3,762.50, would be insufficient to maintain the residence and would therefore necessarily result in the sale of the residence to a third party. As support for his decision, he noted section 401(d)(10) of the Divorce Code. 23 P.S. §401(d)(10). That section requires the consideration of the economic circumstances of the parties at the time the division takes effect. We find the master's conclusion erroneous.

Defendant, at the end of three years, will have approximately $25,000. From that she would be required to locate a new residence for herself and the minor children. She would also be required to completely furnish their home. In our opinion $25,000 would not provide sufficient capital to permit defendant to maintain her present standard of living. We also note that defendant's alimony payments would terminate at the same time.

After reviewing the record we conclude that there is no necessity for a buy-out in the instant case. We find no authorization in the statute for the assignment of all the marital assets based upon one party's ability to preserve them. It would appear "that this proposal arose more out of convenience than from any substantive reason, and we cannot condone it." *Barletta v. Barletta,* 506 Pa. 404, 408, 485 A.2d 752, 754 (1984). In *Barletta,* the Supreme Court found a similar buy-out distribution plan to have been an abuse of discretion. The court determined

that, while not violative of the statute, a buy-out proposal is not the preferred method of distribution.

"We are not saying that the remedy of ordering a buyout is prohibited by the statute. We note that under section 401(c) the hearing court is given full equity power to 'grant such other relief or remedy as equity and justice require'; and we can envision situations where the distribution of certain components of marital property would be truly impracticable or economically unwise. However, we interpret section 401(c) as a general provision which must be construed as subservient to the more specific provision of section 401(d) that a hearing court shall 'divide, distribute or assign the marital property between the parties.' The latter mandate must be the hearing court's primary emphasis." 506 Pa. at 409, 485 A.2d at 754.

We find that an equitable distribution of the property in-kind is both possible and reasonable in this case. We conclude that defendant, who has a much smaller income and less opportunity to acquire capital assets, should receive the house and furniture. Plaintiff, whose salary is approximately $37,000 per year, has a far greater capacity to obtain capital assets. He will receive the entirety of his pension with U.S. Steel, the automobiles and the guns. The savings fund will be divided in such a manner as to give each party a one-half share in the marital property.

Thus each party will receive the following:

### Plaintiff

| | |
|---|---|
| U.S. Steel Pension | $18,730.86 |
| Automobiles | $ 9,250.00 |
| Guns | $ 325.00 |
| Savings | $ 9,245.88 |
| | $37,551.74 |

Defendant

| | |
|---|---|
| Residence | $21,645.63 |
| Furnishings | $ 4,105.00 |
| Savings | $11,792.12 |
| | $37,551.75 |

We find this distribution is better suited to the equities of the instant case. Defendant will be secure in her present standard of living. The monetary distribution, if properly invested, could also yield some income or be used for repair and upgrading of the home.

Plaintiff is released from the monetary burden of the mortgage. His retirement income will remain intact, thus guaranteeing his future security. We do not believe plaintiff's standard of living will be reduced.

Both of the parties hereto are in their mid-40s. It appears that each, being in reasonably good health, has a significant future work life. As such they should be able to obtain those items which we here distribute to the other party.

We further note that, as defendant suggests in her brief, the parties will be able to start their lives anew without unnecessary entanglements or acrimony between them.

[The court's opinion regarding divorce, alimony and attorney's fees has been omitted.]