## Van Buskirk v. Van Buskirk

*Raymond P. Kashimba,* for plaintiff.
*David W. Skutnik,* for defendant.

O'BRIEN, *J.,* October 15, 1987—Marysusan Van Buskirk and Gary J. Van Buskirk were married on September 1, 1972. The parties separated on April 1, 1982 and subsequently plaintiff filed a complaint seeking a divorce, equitable distribution of marital property, alimony, counsel fees and costs. Michael

R. Muth, who was appointed as master by this court, conducted an evidentiary hearing and filed a report and reommendation. Both parties having filed affidavits of consent, the master recommended a divorce on the grounds of irretrievable breakdown. The master also recommended equitable distribution of marital property and defendant husband has filed exceptions to that recommendation. Following briefs and argument, defendant's exceptions are now before the court for disposition.

The sole issue in dispute in this proceeding is whether or not a parcel of real estate improved with a home is marital property subject to equitable distribution. Defendant's parents having made an offer of vacant property adjoining their home, plaintiff, defendant and his parents met at the office of Floyd Kellogg, notary public, on December 29, 1978. At that time and place, defendant's parents executed and acknowledged a deed conveying a vacant parcel of real estate to plaintiff and defendant. The deed was not recorded but was kept by defendant's parents. Plaintiff engaged a surveyor to obtain the approval of a subdivision for the conveyance of the vacant land. Thereafter, plaintiff and defendant undertook construction of a home in which the parties resided as husband and wife prior to their separation. During the period of the couple's occupancy of the premises, they made payments to defendant's parents in an amount equal to the mortgage payments due on the property. The master's findings of fact that the parcel of real estate with the improvements has a value of $55,000 and mortgage debt in excess of $18,000 resulting in a net equity of $36,133.55 are supported by evidence in the record. The legal issue raised by defendant's exceptions is whether or not this equity constitutes marital property available for distribution between the parties.

In his brief in support of his exceptions, defendant relying upon *In re Estate of Darlington,* 364 Pa. Super. 75, 527 A.2d 159 (1987), argues that since the deed to the property was never delivered or recorded, a gift or conveyance was not completed and legal title was not vested in the plaintiff and defendant. Therefore, argues defendant, legal title not being vested in the parties to the marriage, the real estate cannot be marital property subject to distribution. In response, plaintiff relying upon *City Stores Co. v. Philadelphia,* 376 Pa. 482, 103 A.2d 664 (1954) argues that delivery of the deed was accomplished by the circumstances and therefore legal title does rest in the marital estate. Alternatively plaintiff relying upon *Yarnall Estate,* 376 Pa. 582, 103 A.2d 753 (1954) argues that a valid parol gift existed thereby making the realty marital property.

In *Wolf v. Wolf,* 356 Pa. Super. 365, 514 A.2d 901 (1986), our Superior Court held that marital property subject to distribution includes equitable as well as legal title. The *Wolf* case involved a factual scenario very similar to the case at bar. Parents of a party to a marriage assisted the married parties in necessary financial arrangements to purchase a home. Legal title was never conveyed to the married parties. However, the married parties made financial contributions and occupied the premises in reliance upon the parent's promises. In a divorce action, the Superior Court approved the imposition of a resulting trust against the parents in favor of the married parties and a recovery premised on unjust enrichment. Although the legal solution proposed by the master in his recommendation differs from that in *Wolf v. Wolf,* supra, the equitable principles are the same. The master's solution is necessarily different since defendant's parents were not joined as additional defendants in the case at bar. We find that the

master's legal conclusion that a gift was intended and completed is suported by the evidentiary record. Further we find that the equitable principles delineated in *Wolf v. Wolf,* supra, establish that the subject real estate is marital property subject to equitable distribution. Further we adopt and approve the careful evaluation of the factors enumerated in 23 PS. §401(d) by the master resulting in an equal division of the net equity of the real estate between the parties.

## ORDER

And now, this October 15, 1987, defendant's exceptions to the report and recommendation of the master are dismissed and it is ordered as follows:

(1) Plaintiff Marysusan Van Buskirk and defendant Gary J. Van Buskirk are divorced from the bonds of matrimony.

(2) Defendant Gary J. Van Buskirk shall pay the sum of $18,066.78 to plaintiff Marysusan Van Buskirk. Upon receipt of said payment, Marysusan Van Buskirk shall execute a quit claim deed conveying all her legal and equitable interest to the premises situate in Hamilton Township, Monroe County to Gary J. Van Buskirk.

(3) The claims of plaintiff Marysusan Van Buskirk for alimony, alimony pendente lite and counsel fees are denied.

(4) Each party shall pay their own costs in this proceeding.