596 A.2d 140

**Marie Helen RYAN, Appellant,**

v.

**Joseph Francis RYAN, Appellee.**

Supreme Court of Pennsylvania.

Argued April 9, 1991.

Decided Aug. 28, 1991.

Ralph M. Evans, Philadelphia, for appellant.

Mark Charleston, Leonard Dubin, Philadelphia, for Joseph Francis Ryan.

Samuel Lee Glantz, Jenkintown, for Jefsaba, Inc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

In this appeal from a final decree in divorce, the questions presented for our review are: (1) Whether the Superior Court abused its discretion in reversing the trial court and ordering appellee to "buy out" appellant's fifty percent (50%) interest in closely held corporate stock; and (2) whether the trial court abused its discretion in determining that appellant waived entitlement to dividends accruing on her interest in the corporate stock after the final hearing by the master. We hold that the Superior Court abused its discretion in ordering the "buy-out" remedy, and remand in order to determine the method of distribution and the amount of dividends accruing on appellant's interest in the corporate stock after the date of the final hearing by the master.

Marie and Joseph Ryan were married for twenty-seven years prior to their separation on March 13, 1982. During their marriage Joseph acquired twenty shares of stock in

Jefsaba, Inc., a closely-held Pennsylvania corporation.[1]  On June 13, 1983, Marie filed a complaint in divorce against Joseph, and on November 16, 1984, a master held a final hearing on this matter.  On April 22, 1986, the master recommended, *inter alia*, that the stock in Jefsaba, Inc. be equally divided between Marie and Joseph, and that Marie receive twenty-five percent (25%) of the stock dividends issued from March 13, 1982 through November 16, 1984. The trial court adopted the recommendations of the master with regard to the "in-kind" distribution of the stock, but increased the amount of the dividend award to fifty percent (50%).[2]

During reconsideration pursuant to petitions by both parties, Marie attempted to supply missing information concerning dividends issued after November 16, 1984, and Joseph alleged that the trial court erred in ordering the "in-kind" distribution of Jefsaba, Inc. stock.

On April 8, 1988, the trial court filed a supplemental opinion and order affirming its earlier determinations.  Specifically, it held that Marie did not have standing to pursue equitable distribution of Joseph's earnings from Jefsaba, Inc. subsequent to November 16, 1984, because she did not file exceptions to the report of the master, which only dealt with the period between separation and the final hearing by the master.  The trial court further determined that an "in-kind" distribution of the closely held corporate stock was necessitated because of our mandate in *Barletta v. Barletta*, 506 Pa. 404, 485 A.2d 752 (1984), as exemplified by the facts *sub judice*, which presented unavoidable difficulty in valuing the closely held corporate stock.

1.  While these twenty shares of stock were titled in Joseph's name alone, it was undisputed that all of the shares were marital property for purposes of equitable distribution.

2.  Both the recommendation of the master and the order of the trial court concerning the percentage of dividends owing to Marie were actually reflected as a lump sum payment comprised of her percentage of the dividends paid prior to November 16, 1984, less certain credits to Joseph.

On cross-appeal to the Superior Court, Marie again alleged that the trial court erred in failing to make provision for the division of dividends accruing after November 16, 1984, and Joseph challenged the propriety of the "in-kind" distribution of Jefsaba, Inc. stock. The Superior Court determined that the trial court had misinterpreted the decision of this Court in *Barletta v. Barletta*, 506 Pa. 404, 485 A.2d 752 (1984), as *mandating* an "in-kind" distribution of this marital property. The Superior Court further determined that the case *sub judice* presented a situation where a "buy-out" remedy was warranted. Specifically, the Superior Court found it unwise to make business partners of individuals who are unable to live together as husband and wife.[3] Accordingly, it remanded the case for a hearing to determine the value of the Jefsaba, Inc. stock in order that Joseph could "buy-out" Marie's interest therein.[4]

In *Barletta*, the trial court had ordered the husband to "buy-out" the wife's interest in personal property that could have easily been divided without further ramifications. There was simply no basis for the master's statement that a division of the marital property would not be feasible or desirable, nor was there a basis for the conclusion of the trial court that it would be impracticable and virtually impossible to divide and distribute the property. Accordingly, we held:

> A review of the record indicates that this proposal arose more out of convenience than from any substantive reason, and we cannot condone it. As noted above, the property was readily severable and we believe capable of being divided without destroying its relative value. In addition, the suggested manner of distribution seems

---

3. We note that this continuing economic relationship as business partners would have been limited, as Marie's stock interest in Jefsaba, Inc. would be 15 percent and non-voting.

4. Because of its disposition, the Superior Court found it unnecessary to address Marie's claim that the trial court erred in failing to make provision for the division of dividends accruing after the master's final hearing on November 16, 1984, and it held that on remand Marie could seek leave to file exceptions on this ground *nunc pro tunc.*

unfair in that appellant, if forced to sell the property, would be required to recover at least as much as the value assessed by the master: a value which may be substantially different than what the open market would bear.

*Id.,* 506 Pa. at 408, 485 A.2d at 754. Clearly, in *Barletta,* the trial court had acted improperly in ordering the "buy-out" remedy. However, nothing in our opinion therein compels the conclusion that an "in-kind" distribution is appropriate in all situations, and is therefore mandatory. In *Barletta,* we specifically stated:

> We are not saying that the remedy of ordering a buy-out is prohibited by the statute. We note that under Section 401(c),[5] the hearing court is given full equity power to "grant such other relief or remedy as equity and justice require"; and we can envision situations where the distribution of certain components of marital property would be truly impracticable or economically unwise.

*Id.,* 506 Pa. at 409, 485 A.2d at 754. Furthermore, we note that 23 P.S. 401(d), as amended in 1988 now provides:

> In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign, *in kind or otherwise,* the marital property between the parties without regard to marital misconduct in such proportions and in such manner as the court deems just after considering all relevant factors including: .... (Emphasis added).

We believe that it is abundantly clear that a "buy-out" is appropriate in certain circumstances, and accordingly, that the Superior Court correctly determined that the trial court in the case *sub judice* erred in determining that it was

---

**5.** 23 P.S. § 401(c) provides:

In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

required to order an "in-kind" distribution of the Jefsaba, Inc. stock.

■ However, we believe the Superior Court exceeded its scope of review in this case by ordering Joseph to "buy-out" Marie's interest in the Jefsaba, Inc. stock notwithstanding the fact that the trial court, in addition to misconstruing *Barletta,* offered a separate factual basis for "in-kind" distribution. We are unable to determine if the trial court, in attempting to justify its conclusion that there existed "unavoidable difficulty" associated with valuing the Jefsaba, Inc. stock, was merely attempting to support its misinterpretation of *Barletta,* or on the other hand, attempting to establish an independent factual basis for "in-kind" distribution. We must therefore conclude that because of its misinterpretation of *Barletta,* the trial court failed to give fair consideration to the permissible alternative of "buy-out."

Since the trial court misinterpreted *Barletta,* we conclude that it was inappropriate for the Superior Court to impose its judgment of the facts without first requiring the trial court to properly apply the case law to the facts *sub judice.* Accordingly, we are constrained to reverse the decision of the learned Superior Court and remand this matter to the trial court for reconsideration with direction that said trial court utilize the proper application of *Barletta,* thereby setting forth clearly its reasoning as to whether the distribution at issue should be "in-kind" or by means of "buy-out."

Given this disposition we are no longer presented with the question of whether the trial court abused its discretion in determining that Marie waived entitlement to dividends accruing on her interest in the corporate stock after the final hearing by the master on November 16, 1984.

■ On remand for a hearing to determine the appropriate means of distribution of the Jefsaba, Inc. stock based upon a proper application of *Barletta,* the trial court must again take evidence concerning the character and value of

the corporate stock. Because the dividends from this corporate stock are so obviously interrelated with this determination to be made on remand and because the trial court possesses great power to correct economic injustices, *Sutliff v. Sutliff*, 518 Pa. 378, 543 A.2d 534 (1988); 23 P.S. § 102(a)(6), the trial court must once again determine the amount of dividends generated by this marital property since the date of separation through a date reasonably proximate to the ultimate date of distribution, and award Marie her share of such dividends regardless of whether the distribution is "in-kind" or by means of "buy-out." [6]

For the foregoing reasons, the order of the Superior Court 391 Pa.Super. 327, 571 A.2d 392 is reversed and the case is remanded to the Court of Common Pleas of Philadelphia County for proceedings in accordance with this opinion.

Reversed 'and Remanded.

LARSEN, J., filed a concurring opinion in which PAPADAKOS, J., joined.

ZAPPALA, J., filed a concurring and dissenting opinion.

LARSEN, Justice, concurring.

Although I agree with the majority that Superior Court erred in ordering appellee, Joseph Francis Ryan, to "buy out" appellant Marie Helen Ryan's fifty percent interest in closely held corporate stock, and that the trial court, on remand, must place a value on the stock that includes the amount of the dividends which accrued on appellant's interest after the date of the final hearing by the master, I write separately to emphasize that a distribution "in kind" should take precedence over a "buy-out" distribution, pursuant to

---

6. Pursuant to 23 P.S. § 401(e)(4) property acquired after final separation until the date of divorce is not marital property unless it is acquired in exchange for marital assets. However, in the case *sub judice* the dividends in question were generated by the Jefsaba, Inc. stock, which was properly characterized as marital property pursuant to 23 P.S. § 401(e). Accordingly, the trial court properly determined that Marie's entitlement to the income generated by her *pro rata* share of the Jefsaba, Inc. stock commenced as of the date of final separation.

section 401(d) of the Divorce Code, 23 P.S. § 401(d) (repealed), which was in effect at the time the parties herein commenced their divorce proceedings.

As we stated in *Barletta v. Barletta*, 506 Pa. 404, 409, 485 A.2d 752, 754–55 (1984):

> We note that under Section 401(c), the hearing court is given full equity power to "grant such other relief or remedy as equity and justice require"; and we can envision situations where the distribution of certain components of marital property would be truly impracticable or economically unwise. However, we interpret Section 401(c) as a general provision which must be construed as subservient to the more specific provision of Section 401(d) that a hearing court *shall "divide, distribute or assign the marital property between the parties." This latter mandate must be the hearing court's primary emphasis. See* Pa.C.S. § 1933.
>
> Therefore, we hold that in the context of the present case the remedy of a buy-out was an abuse of discretion. In addition, *we hold that prior to a court making or approving a buy-out remedy, it is required to make specific findings as to why a division of the property cannot be effectuated.*

(emphasis added) (footnotes deleted)

The majority's holding herein differs from the holding in *Barletta*, in that the majority is making the choice of an "in kind" distribution or a "buy-out" distribution a matter of the hearing court's discretion. If the majority is going to overrule *Barletta*, it ought to say so, as opposed to impliedly overruling it and leaving the law on this issue in a state of confusion.

On the basis of the facts presented in the case sub judice, I believe that an "in kind" distribution is mandated. Accordingly, I join the remand order of the majority, but I would remand with directions that the trial court reinstate

194

its order distributing half of the Jefsaba, Inc. stock to the appellant, plus the accrued interest payments therefrom.

PAPADAKOS, J., joins this concurring opinion.

ZAPPALA, Justice, concurring and dissenting.

While I agree with the majority opinion's discussion of *Barletta v. Barletta,* 506 Pa. 404, 485 A.2d 752 (1984), and its legal analysis as to the application of that case to the appeal now before us, I disagree with the majority's conclusion that the trial court misapplied the *Barletta* case. While the trial court does rely on *Barletta* in ordering a physical division of the closely held stock, it also sets forth cogent reasons why physical distribution is the most equitable remedy. In its supplemental opinion filed in response to the party's petition for reconsideration as well as in its original opinion, the trial court sets forth its reasons for ordering a physical division of the closely held stock. In reaching its award, the trial court took into consideration the unavoidable difficulty in placing a proper valuation on the closely held stock, the fact that the appellant would be precluded from exercising any voting rights for the shares she received, and the lack of any actual evidence indicating that the appellant would be disruptive or tempt to thwart corporate actions. The trial court's sound legal analysis demonstrates the exercise of proper discretion in fashioning an equitable distribution award. As such, I see no reason for remanding this matter to that court for further disposition. Instead, I merely would reverse the Superior Court and reinstate the trial court's equitable distribution award.