**Bolze v. Bolze**

*Theresa Barrett Male,* for plaintiff.
*P. Richard Wagner,* for defendant Thomas E. Bolze.
*Michael D. Reed,* for defendants Ronald P. Bolze and Ruth O. Bolze.

REHKAMP, *J.,* October 15, 1992—This court adopts the reasoning as stated in the defendants' brief in support of preliminary objections for the proposition that the joinder of Ronald P. Bolze and Ruth O. Bolze as defendants

in this divorce action is improper under the allegations stated in the complaint.

The plaintiff's complaint indicates that the parties were married on October 18, 1987, and that the parties currently reside at different addresses. Sometime in the recent past they separated but lived together in the marital residence owned by the parents of the defendant husband. Plaintiff alleges that during the marriage she invested $15,000 of her premarital funds into improvements to the marital residence which have significantly increased the value of the marital residence. In addition, plaintiff alleges that she expended personal time and effort in further improving the marital residence.

Assuming that the parties lived in their marital residence which was a second house on a farm owned by the husband's parents during the course of the marriage until recently or approximately five years, there is not a sufficient basis alleged that such an investment of money and time on the part of plaintiff wife would entitle her to any claim of unjust enrichment. Plaintiff, in her brief, denies any claim for a resulting trust which was required in the cases recited in both briefs, being *Van Buskirk v. Van Buskirk,* 527 Pa. 218, 590 A.2d 4 (1991); *Wolf v. Wolf,* 356 Pa. Super. 365, 514 A.2d 901 (1986). In both cases although title was held by the parents of either spouse, the spouses had, in fact, paid either a mortgage payment based upon an agreed price for the purchase of said home or deed had been signed and not recorded, all indicating an intent to transfer title.

Absent any indication in this case of an intent to transfer title between the husband and wife and husband's parents,

the parents' property is not subject to an equitable distribution claim by wife based solely on the fact that it was the marital residence for a period of time as tenants at will without any payment of rent, taxes, insurance, etc.

For the above reasons, the preliminary objections shall be sustained by the court.

## ORDER

And now, October 15, 1992, upon consideration of the preliminary objections, answer thereto, and briefs filed by both parties, the defendants' preliminary objections are hereby granted and defendants, Ronald P. Bolze and Ruth O. Bolze, are hereby dismissed as parties to this divorce action.