629 A.2d 1031

**Deena J. BOLZE, Appellant,**

v.

**Thomas E. BOLZE, Ronald P. Bolze and Ruth O. Bolze.**

Superior Court of Pennsylvania.

Argued May 19, 1993.

Filed Aug. 19, 1993.

Theresa B. Male, Harrisburg, for appellant.

Michael D. Reed, Harrisburg, for Ruth O. Bolze, appellee.

Before TAMILIA, KELLY and HUDOCK, JJ.

TAMILIA, Judge:

Plaintiff, Deena J. Bolze, appeals from the October 15, 1992 Order granting the preliminary objections of defendants, Ronald P. and Ruth O. Bolze, and dismissing them as parties to

the divorce action filed by plaintiff against their son, defendant, Thomas E. Bolze.

Appellant and Thomas Bolze [1] were married on October 18, 1987. On June 9, 1992, appellant filed a complaint in divorce seeking, in addition to the dissolution of her marriage, alimony, alimony pendente lite, equitable distribution, counsel fees and expenses. Husband's parents, owners of the home in which the couple resided, were joined only as to count three of the complaint which sought equitable distribution of the marital property. It was the wife's contention she had a legal interest in the marital residence because she had allegedly invested $15,000 of her pre-marital savings toward improving the house, making it, in part, marital property. In granting the appellees' preliminary objections, the court found joinder in this divorce action to be improper under the allegations stated in the complaint.

Appellant argues Pennsylvania substantive and procedural law mandates joinder under the specific facts of this case. She further contends the court erred by requiring her to have alleged unjust enrichment and resulting trust in her divorce complaint as a condition for joinder of appellees. In support of her position, wife relies primarily on *Wolf v. Wolf*, 356 Pa.Super. 365, 514 A.2d 901 (1986), and *Van Buskirk v. Van Buskirk*, 527 Pa. 218, 590 A.2d 4 (1991).

When sustaining preliminary objections which would result in the dismissal of an action, the objections should be sustained only in a case which is clear and free from doubt. *Bower v. Bower*, 531 Pa. 54, 611 A.2d 181 (1992); *Engle v. Engle*, 412 Pa.Super. 425, 603 A.2d 654 (1992). When considering preliminary objections, the fact-finder must determine whether the pleader will be able to prove facts legally sufficient to establish his right to relief. *Id.* In deciding whether to sustain or deny preliminary objections as to jurisdiction, the court must consider the evidence in the light most favorable to the alleged non-party. *Id.*

---

1. Husband, Thomas Bolze, has not participated in the proceedings incident to his parents' preliminary objections, nor is he party to this appeal.

As stated supra, appellant and her husband were married in October, 1987, at which time the house in question was being rented by appellees to other tenants. Sometime in 1988,[2] appellant expressed an interest in living in the house, which was a second house located on the farm where appellees also resided, and the tenants were asked by appellees to vacate the premises. Appellant and her husband were thereafter tenants at will, enjoying rent-free living without any obligation or agreement to pay related taxes and/or insurance. Sometime before filing for divorce on June 9, 1992,[3] appellant left the marital residence.

Based on the facts with which we are presented, we agree with the trial court's finding the money expended by wife on improvements made to the marital home was a gift, voluntarily contributed without expectation of reimbursement. In both *Wolf* and *Van Buskirk, supra,* relied upon by appellant for the proposition joinder was proper, the parents held title to the residence and the parties to the divorce action living in the home had "paid either a mortgage payment based upon an agreed price for the purchase of said home[,] or [a] deed had been signed and was not recorded, all indicating an intent to transfer title." (Slip Op., Rehkamp, J., 10/15/92, p. 2.) Without any indication the appellees had an agreement to transfer title to their son, or to Deena and Thomas Bolze as a couple, the marital residence is not marital property[4] subject to equitable distribution as contemplated by the Divorce Code. Any improvements of the property were without consideration and did not create a proprietary interest in the property on the part of the husband or wife. There is, therefore, nothing that the improvements did to create a marital interest which is subject to equitable distribution. The benefit to husband and wife was personal and mutual and could not establish an estate

**2.** The record is unclear as to when the appellant and her husband moved into appellees' home.

**3.** Because the time frame during which appellant and her husband lived in the home is not stated with exactitude, we can only calculate from the record and pleadings it to be approximately four years.

**4.** Marital property is all property acquired by either party during the marriage. 23 Pa.C.S. § 3501.

in the property without acknowledgement or consent of the husband's parents. In providing a free residence they did not intend the appellant to unilaterally create a marital estate. Accordingly, joinder was improper and the preliminary objections were correctly sustained.

Order affirmed.[5]

---

**5.** Although appellant in the "summary of argument" portion of her brief argues trial court error regarding the court's suggestion she pursue the theories of unjust enrichment and resulting trust, her refusal to do so at the trial level and failure to present the issue in the "statement of questions involved" portion of her appellate brief precludes any further consideration of the issue by this Court. Moreover, appellant had the opportunity to amend her pleading as of right following the filing of preliminary objections but chose not to do so. Pa.R.C.P. 1028(c)(1).